**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| BERNARDO SERGIO MERCANTETE-GIL,<br><br>Petitioner,<br><br>v.<br><br>DIRECTOR, DIAMONDBACK CORRECTIONAL FACILITY, et al.,<br><br>Respondents. | ) | Case No. CIV-26-01627-JD |

**<u>ORDER</u>**

Before the Court is Respondents' Response in Opposition to the Petition for Writ of Habeas Corpus [Doc. No. 6], filed in compliance with the Court's Order to Respondents to Show Cause [Doc. No. 4]. Bernardo Sergio Mercantete-Gil ("Petitioner"), proceeding pro se, subsequently filed "Petitioner's Response in Opposition to Respondents' Response" [Doc. No. 8] and two Motions for Leave to Amend Petition to Correct A-Number and Related Caption Information ("Motions for Leave to Amend") [Doc. Nos. 7 and 9].

Petitioner filed this action on June 30, 2026. [Doc. No. 1]. That same date, the United States Court of Appeals for the Tenth Circuit issued a precedential ruling in *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1233 (10th Cir. 2026), holding in relevant part that 8 U.S.C. § 1226(a) governs pre-adjudicative detention and provides "eligib[ility] for release or entitle[ment] to a bond hearing." Considering *Santillan Quiroz*, the Court ordered Respondents to show cause why the Court should not grant the petition in part

and order that Petitioner be provided with a bond hearing within seven days or else released. [Doc. No. 4 at 1–2].

In response, Respondents informed the Court that before filing this action, Petitioner filed a 28 U.S.C. § 2241 petition for release or bond hearing in the United States District Court for the Northern District of Texas during his prior detention at Eden Detention Center in Eden, Texas. *Mercantete-Gil v. Warden, Eden Detention Center, et al.*, No. 26-CV-197-H (N.D. Tex.) (docket entries showing petition filed on May 6, 2026, and confirming that case is fully briefed and remains pending); *see also* [Doc. No. 6-1].

As Respondents correctly note, "[w]hen two courts have jurisdiction over the same controversy, deference should be afforded to the first lawsuit." [Doc. No. 6 at 4] (citing *Lipari v. U.S. Bancorp NA*, 345 F. App'x 315, 317 (10th Cir. 2009) (unpublished)); *see also Hospah Coal Co. v. Chaco Energy Co.*, 673 F.2d 1161, 1163 (10th Cir. 1982) ("[W]hen two courts have concurrent jurisdiction, the first court in which jurisdiction attaches has priority to consider the case."). Any potential challenge to venue also belongs in the Northern District of Texas. *Hospah Coal Co.*, 673 F.2d at 1164 ("[O]ur view [is] that the court which first obtains jurisdiction should be allowed to first decide issues of venue.").

Moreover, the circuit split between the Tenth and Fifth Circuits means that, if the Court were to exercise jurisdiction over this case, the outcome could turn upon randomness of which district court first crosses the finish line. *Compare Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1233 (10th Cir. 2026) (holding unadmitted aliens present without inspection are eligible for possible release on bond under 8 U.S.C. § 1226(a)),

*with Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. 2026) (holding unadmitted aliens present without inspection are subject to mandatory pre-adjudicative detention under 8 U.S.C. § 1225(b)(2)(A)). Principles of judicial comity thus weigh heavily toward declining jurisdiction. The Court will defer to its first-in-time colleague in the Northern District of Texas.

For these reasons, the Court ABSTAINS and DISMISSES the Petition [Doc. No. 1] without prejudice. The Court further DENIES Petitioner's Motions for Leave to Amend [Doc. Nos. 7 and 9] as moot,[1] and STRIKES Petitioner's Response [Doc. No. 8] as improperly filed.[2]

IT IS SO ORDERED this 26th day of August 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

[1] Petitioner's Motions for Leave to Amend offer no substantive changes that would impact the Court's analysis.

[2] The Court's Order to Respondents to Show Cause ordered "Respondents to show cause." [Doc. No. 4 at 2]. The Court did not order a response from Petitioner, nor did it grant Petitioner leave to file additional briefing because Petitioner never sought leave. As Petitioner has not moved for leave, the Court strikes Petitioner's filing as improper. *See* LCvR7.1(h) ("Supplemental briefs may be filed only upon motion and leave of court.").